UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

August 1, 2011

All Counsel of Record

Re:   Teamsters Local 945 Pension Fund v. Omni Waste Services, Inc.
      Civil Action No. 11-3077 (JLL)

Dear Counsel:

Plaintiff, Teamsters Local 945 Pension Fund, brings this action pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1381, et seq., seeking to collect interim withdrawal liability payments from Omni Waste Services, Inc. pending the outcome of arbitration. Currently before the Court is Plaintiff's motion for a preliminary injunction seeking to compel Defendant to make interim withdrawal liability payments pursuant to 29 U.S.C. §§ 1381, 1399(c)(2). The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Plaintiff's motion is granted.

**BACKGROUND**

The following relevant facts are undisputed. Plaintiff, Teamsters Local 945 Pension Fund (the "Local 945 Fund" or "Fund"), is a multiemployer pension plan within the meaning of Section 3(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(2). Defendant, Omni Waste Services, Inc., and Teamsters Local 945 (a labor organization which is not a party to this action) are signatories to a series of collective bargaining agreements which set forth

the terms and conditions of employment for members of Local 945 employed by Defendant Omni. (Connaughton Cert., Exs. 1-2). The collective bargaining agreements required, inter alia, that Omni remit, on a monthly basis, pension contributions to the Local 945 Pension Fund on behalf of all Local 945 bargaining unit employees performing bargaining unit work at Omni's facility in Paterson, New Jersey from July 2004 through at least June 2009. (Connaughton Cert., Ex. 1 at 13-14; 25).

It is Plaintiff's position that although Defendant was previously obligated to contribute to the Local 945 Pension Fund under the terms of the relevant collective bargaining agreements,[1] as of August 2009, Defendant was no longer bound by such collective bargaining agreements and thus ceased to have an obligation to contribute to the Local 945 Pension Fund. By way of letter dated August 30, 2010, counsel for the Local 945 Pension Fund notified Defendant of its determination that Defendant had completely withdrawn from the Local 945 Pension Fund as a result of Omni's permanent cessation of obligation to remit pension contributions to the Fund. (Connaughton Cert., Ex. 3). In the same letter, the Fund advised Defendant of its calculation of Defendant's withdrawal liability ($826,441.00). (Id.). Omni has since refused to make withdrawal liability payments. (Harvey Aff., ¶ 7). On April 4, 2011, the Local 945 Pension Fund filed its Demand for Arbitration with the American Arbitration Association. (Compl., ¶ 17).

It is Omni's position that: (1) Omni has not withdrawn from the industry (but rather has merely reached an "impasse" in its negotiations with Local 945 workers) and therefore no interim payments, pursuant to 29 U.S.C. §§ 1381, 1399(c)(2), should be required, and (2) should the Court determine that interim payments are required, Omni will suffer irreparable damage because it will be forced out of business. (Juchniewicz Aff., ¶ 4); (Def. Opp'n Br. at 4-5).

## ANALYSIS

Plaintiff seeks an order compelling Omni to make interim withdrawal liability payments. In conjunction with this application, Plaintiff seeks an award of reasonable attorney's fees and costs, accrued interest, and liquidated damages.

1.      **Interim Withdrawal Liability**

"An employer withdraws from a multiemployer pension plan when the employer either permanently ceases to have an obligation to contribute under the plan or permanently ceases all covered operations under the plan." Galgay v. Beaverbrook Coal Co., 105 F.3d 137, 139 (3d Cir. 1997); 29 U.S.C. § 1383(a). "The employer is liable for its share of the plan's unfunded vested benefits as calculated at the time of withdrawal." Galgay, 105 F.3d at 139; 29 U.S.C. §§ 1381, 1383, 1391. "The plan sponsor has the responsibility of determining this withdrawal liability, notifying the employer and collecting payment." Galgay, 105 F.3d at 139; 29 U.S.C. § 1382.

---

[1] (Harvey Aff., ¶¶ 4, 5).

Section 1399(c)(2), in turn, provides that "[w]ithdrawal liability shall be payable in accordance with the schedule set forth by the plan sponsor under subsection (b)(1) of this section beginning no later than 60 days after the date of the demand notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule." Such payments are to be made during arbitration; should the arbitrator determine that the plan sponsor erred in assessing withdrawal liability, the employer is reimbursed for any overpayment. 29 U.S.C. § 1401(d). "If the employer fails to make timely payment in accordance with such final decision, the employer shall be treated as being delinquent in the making of a contribution required under the plan (within the meaning of section 1145 of this title)." Id.

In construing the foregoing sections of the MPPAA, the Third Circuit has explained that:

> Congress enacted MPPAA out of concern that multiemployer pension plans would collapse as employers withdrew if the remaining contributors became too few in number to pay the unfunded vested benefits. Congress foresaw that the purpose of MPPAA would be undermined if employers could postpone paying their debts to pension funds by engaging in protracted litigation over withdrawal liability. Therefore, the statute directs employers to begin payments upon notification of withdrawal liability, whether or not they choose to dispute the determination

Galgay, 105 F.3d at 139 (internal citations omitted). Thus, "[w]hen an employer fails to make a withdrawal liability payment within the prescribed time, an action may be brought in federal or state court to compel payment. Id.; 29 U.S.C. § 1451(b) - (c). "The plan sponsor need show only that it made a demand for interim payments under 29 U.S.C. § 1382 and that the payments were not made." Galgay, 105 F.3d at 139.

As previously stated, Omni disputes that interim payments are required for two reasons: (1) Omni has not withdrawn from the industry (but rather has merely reached an "impasse" in its negotiations with Local 945 workers), and (2) should the Court determine that interim payments are required, Omni will suffer irreparable damage because it will be forced out of business. (Juchniewicz Aff., ¶ 4); (Def. Opp'n Br. at 4-5).

The Court will consider each of Omni's arguments but first notes that the traditional four-prong test for a preliminary inunction is "not applicable in this context." Galgay, 105 F.3d at 140.[2] Instead, the Third Circuit has made clear that in order to compel payment of interim withdrawal liability assessments to a multiemployer pension plan, "the plan sponsor need show only that it made a demand for interim payments under 29 U.S.C. § 1382 and that the payments were not made." Galgay, 105 F.3d at 139. Here, Omni does not dispute that withdrawal liability payment was demanded or that it has refused to comply with the demand. In any event, the Fund has met its

---

[2] For a more detailed discussion of this issue, see Galgay, 105 F.3d at 140.

burden of demonstrating that: (1) withdrawal liability was assessed,[3] (2) Omni was notified of this demand,[4] and (3) Omni has failed to make the necessary payments.[5] Id. at 139-141.

As to Omni's first argument, it is irrelevant whether Omni has, in fact, withdrawn from the "industry" or simply reached an "impasse" in its negotiations with Local 945, as it maintains. It is clear that Omni disputes the Local 945 Pension Fund's assessment and imposition of withdrawal liability all together. This issue will presumably be resolved in arbitration.[6] Section 1399(c)(2) makes clear, however, that "[w]ithdrawal liability shall be payable . . . beginning no later than 60 days after the date of the demand **notwithstanding any request for review or appeal of determinations of the amount of such liability** or of the schedule." 29 U.S.C. § 1399(c)(2) (emphasis added). To the extent the arbitrator determines that the Local 945 Pension Fund, in fact, erred in assessing withdrawal liability, Omni will be reimbursed accordingly. See 29 U.S.C. § 1401(d). Thus, because the statute directs employers to begin interim payments upon notification of withdrawal liability, "whether or not they choose to dispute the determination," Omni's first argument is rejected without further discussion. Galgay, 105 F.3d at 139.

Next, Omni argues that, notwithstanding any withdrawal liability obligations, the Court should deny Plaintiff's motion to compel interim payments because Omni will suffer irreparable harm if it is forced to make such payments. In support of its position, Omni urges the Court to apply an equitable exception to the statutory provisions on interim payments. In Galgay, the Third Circuit, while recognizing the irreparable injury exception adopted by the Fifth and Seventh Circuits, made clear that:

> We have never held that there are any equitable exceptions to the statutory provisions on interim payments and we decline to do so now. Congress has clearly indicated its intent in this matter. The plain language of the statute declares, "Withdrawal liability shall be payable in accordance with the schedule set forth by the plan

---

[3] (Connaughton Cert., Ex. 3).

[4] (Connaughton Cert., Ex. 3).

[5] (Connaughton Cert., Exs. 3, 4); (Harvey Aff., ¶ 7). .

[6] See, e.g., Galgay, 105 F.3d at 141 ("[D]isputes over whether an entity has ceased to be an employer within the meaning of MPPAA . . . must be resolved in arbitration."). To be clear, however, the Court makes no finding as to whether the underlying dispute is one that is appropriately resolved in arbitration. Suffice it to say that: (1) Plaintiff has indicated that it initiated arbitration proceedings, and (2) Plaintiff's Verified Complaint seeks only an order compelling Defendant to make interim withdrawal liability payments pending the outcome of such arbitration. Thus, the only issue currently before this Court is whether Omni should be compelled to make interim withdrawal liability payments pursuant to 29 U.S.C. § 1399(c)(2).

> sponsor...." 29 U.S.C. § 1399(c)(2) (emphasis added). No exceptions are provided. Our jurisdiction is limited to ordering the employer to make interim payments once the pension fund has demonstrated that it complied with the statutory requirements for calculating liability and notifying the employer. 29 U.S.C. § 1382.

Galgay, 105 F.3d at 140. In light of the foregoing, and absent a contrary directive from the Court of Appeals for the Third Circuit, the Court declines to apply an equitable exception to the statutory provisions on interim payments.[7]

Suffice it to say that the Local 945 Pension Fund has demonstrated that it complied with the statutory requirements – assessing Omni's withdrawal liability and notifying Omni of such an assessment – and that Omni has failed to make the interim payments. "That is all the statute requires." Galgay, 105 F.3d at 141. Plaintiff's motion for a preliminary injunction to compel Omni's interim withdrawal liability payments is therefore granted.[8]

---

[7] Even assuming, arguendo, that an irreparable injury exception were applicable, Omni has failed to convince the Court that Plaintiff's claim is frivolous or non-colorable. Nor has Omni submitted any specific evidence to support its claim of irreparable harm. At most, Omni has demonstrated that it is a financially troubled company. Such a showing, without more, is insufficient to warrant equitable relief from interim payment liability. See Galgay, 105 F.3d at 141 ("We believe that it would contort the law if we were to allow the undercapitalized or financially precarious companies that pose the very risk to pension funds that MPPAA was designed to correct to defer payment because they pose that risk."); Trustees of Amalgamated Ins. Fund v. Crown Clothing, Inc., 27 F. Supp.2d 507, 515 (D.N.J. 1998) ("[E]ven if the Court found that Crown would suffer such harm were it forced to make interim payments, it could not relieve Crown from its obligation" where Crown had otherwise failed to provide evidence that the Trustees' claim was non-colorable).

[8] See, e.g., Einhorn v. Kaleck Bros., Inc., 713 F. Supp.2d 417, 424- 425 (D.N.J. 2010) (granting summary judgment in favor of the pension fund, ordering payment of interim withdrawal liability payments, and noting that "Defendant offers no legal authority which would abrogate the right of the Fund to make a determination as to whether an employer permanently withdraws or which would allow this Court to determine an issue which must be resolved in arbitration.").

**2.      Attorney's Fees and Costs; Accrued Interest; and Liquidated Damages**

In conjunction with its motion to compel interim payments, Plaintiff seeks an award of reasonable attorney's fees and costs, accrued interest and liquidated damages.

Section 1132(g)(2) provides that:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court *shall* award the plan –
>
> (A)   the unpaid contributions,
> (B)   interest on the unpaid contributions,
> (C)   an amount equal to the greater of –
>   (i)    interest on the unpaid contributions, or
>   (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E)   such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2) (emphasis added).  Sections 8.6-8.9 of the Withdrawal Liability Rules adopted by the Board of Trustees of the Local 945 Pension Fund provide that if an employer fails to make withdrawal liability payments when due, the employer must pay the delinquent sum plus interest, plus the greater of interest on the delinquent sum or liquidated damages of 20 percent (or such higher percentage as the law allows) of the delinquent sum. (Connaughton Cert., ¶ 7; Ex. 5). In addition, the Resolution Regarding Collection of Delinquent Contributions from Participating/Contributing Employers provides for the assessment of accrued interest on delinquent benefit contributions at a rate of 15% per year. (Connaughton Cert., ¶ 8; Ex. 6 at 2).

Omni does not dispute the applicability of Section 1132(g)(2) or that, in the event the Court grants Plaintiff's motion to compel interim withdrawal liability payments pursuant to 29 U.S.C. §§ 1381, 1399(c)(2), Plaintiff would be entitled to reasonable attorney's fees and costs, accrued interest and liquidated damages, as set forth above.  Nor does Omni dispute the authenticity or applicability of the documents submitted by Plaintiff – namely, the Withdrawal Liability Rules adopted by the Board of Trustees of the Local 945 Pension Fund and Resolution Regarding Collection of Delinquent Contributions from Participating/Contributing Employers, attached as Exhibits 5 and 6 to the Connaughton Certification.

In light of the foregoing, and pursuant to 29 U.S.C. 1132(g)(2), the Court grants Plaintiff's request for reasonable attorney's fees and costs, accrued interest and liquidated damages. Plaintiff is hereby directed to submit a detailed certification in support of any specific amounts sought, as well as a proposed order, within thirty (30) days.

## **CONCLUSION**

Based on the reasons set forth above, Plaintiff's motion for a preliminary injunction seeking to compel Defendant to make interim withdrawal liability payments pursuant to 29 U.S.C. §§ 1381, 1399(c)(2) is granted, as is Plaintiff's request for reasonable attorney's fees and costs, accrued interest and liquidated damages pursuant to 29 U.S.C. 1132(g)(2). Plaintiff shall submit a detailed certification and proposed order in support of any specific amounts sought within thirty (30) days.

An appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE